**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TENEACE JOHNSON, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 11-0221-WS-M** |
| ) | |
| **TMI MANAGEMENT SYSTEMS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on Plaintiffs' Notice Regarding Default Judgment (doc. 30).  The court file reveals that defendant has become unresponsive, has disregarded multiple court orders, and has abandoned its defense of this matter.

Plaintiffs, Teneace and Teresa Johnson, commenced this action against defendant, TMI Management Systems, Inc. ("TMI"), on May 2, 2011.  The Complaint (doc. 1) alleges causes of action for discrimination in employment on the basis of race and gender, with respect to job assignments, pay, and discharge, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981.  The Complaint further alleges that TMI terminated plaintiffs' employment in retaliation for their protected activity, also in violation of Title VII and § 1981.

Initially, TMI appeared, by and through counsel, and defended itself against the Johnsons' claims.  (*See, e.g.,* doc. 8.)  On December 27, 2011, however, TMI's counsel filed a Motion to Withdraw (doc. 21), for the stated reason that counsel's "relationship with TMI Management Systems, Inc. has been terminated."  On January 3, 2012, Magistrate Judge Milling entered an Order (doc. 22) indicating that the motion to withdraw would be granted and notifying TMI that it "must retain new counsel **not later than January 17, 2012**."  (Doc. 22, at 1.)  The January 3 Order included this ominous warning:  "**Failure of Defendant TMI Management Systems, Inc. to have an attorney make an appearance on Defendant's behalf by January 17, 2012, could result in the entry of a default judgment against Defendant.**"  (*Id.* at 1-2.)

The Clerk's Office mailed a copy of the January 3 Order to TMI at its last known address via certified mail.  The certified mail receipt reflects that TMI received and signed for that mailing on January 6, 2012.  (*See* doc. 25.)  Yet TMI did not comply, respond, or otherwise acknowledge that Order.

On January 26, 2012, Judge Milling entered another Order (doc. 27), this time ordering TMI "to show cause, **not later than February 9, 2012**, why default judgment should not be entered against it, upon motion of Plaintiff, for failure to obey the Court's Order dated January 3, 2012 (Doc. 22) and to retain new counsel."  (Doc. 27.)  The certified mail receipt reflects that TMI received and signed for a mailing containing that Order on January 30, 2012.  (*See* doc. 28.) Once again, however, TMI failed to comply with, respond to, or even acknowledge that Order.[1]

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders."  *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).  Both the January 3 and January 26 Orders were eminently reasonable and well-grounded in law, yet TMI chose to ignore them, despite having been warned in the plainest of terms of the dire consequences of doing so.  Such dilatory and contumacious conduct warrants the imposition of sanctions.  "A court may impose sanctions for litigation misconduct under its inherent power."  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009); *see also Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions.").  Moreover, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party."  *Atlantic Recording Corp. v. Ellison*, 506 F. Supp.2d 1022, 1025-26 (S.D. Ala. 2007) (citation omitted); *see also Disney Enterprises, Inc. v. Delane*, 446 F. Supp.2d 402, 405 (D. Md. 2006) (similar).

Of course, the sanction of entry of default is not to be invoked lightly.  Rather, it may be imposed "only as a last resort, when less drastic sanctions would not ensure compliance with the

---

[1]      TMI was also placed on notice that entry of default against it was imminent via the Order (doc. 29) entered on February 16, 2012.  Yet again, defendant took no action to forestall such an outcome.

court's orders." *Eagle Hosp.*, 561 F.3d at 1306; *see also In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) ("The severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders.") (citation and internal quotation marks omitted).  After careful consideration, the Court finds that this severe sanction is warranted, and indeed necessary, here.

 "The key to unlocking a court's inherent power is a finding of bad faith." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (citation omitted).  A party may demonstrate such bad faith "by delaying or disrupting the litigation or hampering enforcement of a court order," which is precisely what TMI has done.  *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) (citation omitted).  Furthermore, it is well established that "[a] court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics," such as where "the adversary process has been halted because of an essentially unresponsive party." *Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC*, 498 F. Supp.2d 237, 240 (D.D.C. 2007) ("citations omitted); *see also Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 590-91 (S.D. Ala. 2007) ("a district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure") (citation omitted).  Again, this description is an apt summary of TMI's course of conduct, such that the sanction of entry of default is both available and appropriate here.

In short, it is the finding of this Court that TMI's bad faith and contumacious conduct, as described above, warrants entry of default and that lesser sanctions would be inadequate. Accordingly, the Clerk of Court is **directed** to enter a **default** against TMI Management Systems, Inc., on all claims asserted by plaintiffs herein.  Plaintiffs are **ordered** to file any motion for default judgment, including exhibits, affidavits and other documentation sufficient to support their objectively quantifiable damages claims (as described in their Notice Regarding Default Judgment), that they may wish to submit on or before **March 16, 2012**.[2]  Upon review of

---

[2]      The substance of the Notice appears to reflect plaintiffs' intention that the Court will determine all aspects of damages in this case.  However, in the style of the filing, plaintiffs have prominently written, "**JURY DEMAND**."  To alleviate any possible confusion, plaintiffs' forthcoming default judgment motion should clarify whether they are requesting that damages determinations for default judgment purposes be made by a jury, rather than by the undersigned. If plaintiffs are requesting a jury trial on damages, they should support that request with legal authority establishing such a right in a post-default context. *See generally Dierschke v.* (Continued)

those materials, the undersigned will set the matter for evidentiary hearing on plaintiffs' claims for compensatory damages for emotional distress, as well as any other components of damages that are deemed more suitable for submission via live testimony.  Because their claims for attorney's fees and expenses are governed by statute, rather than by contract, and to allow them to be compensated for attorney time and expenses accrued throughout the damages proceedings, plaintiffs should wait to submit their attorney's fee / expenses request and accompanying evidence until all other damages components have been submitted and decided.

Pursuant to Rule 55(b)(2), Fed.R.Civ.P., defendant having appeared in this case, it will continue to receive written notice in the default proceedings.  Accordingly, the Clerk of Court is **directed** to mail a copy of this Order to TMI via regular U.S. mail at its address of record.

DONE and ORDERED this 1st day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

*O'Cheskey*, 975 F.2d 181, 185 (5th Cir. 1992) ("in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages"); *Applied Capital, Inc. v. Gibson*, 558 F. Supp.2d 1189, 1202 (D.N.M. 2007) ("Rule 55(b)(2) does not contain an inherent jury requirement; rather, it preserves the right to a jury only when statute requires."); *Mwani v. Bin Ladin*, 244 F.R.D. 20, 23-24 (D.D.C. 2007) ("several other circuits (and district court opinions from this and other circuits) have explicitly rejected Plaintiffs' claim that the Federal Rules of Civil Procedure and the Seventh Amendment trigger a right to a jury determination of damages with respect to a Rule 55(b) evidentiary motion").